IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF North Dakota

| | |
|---|---|
| TERRO LASUAN BELL, <br>    Defendant, <br><br> Vs. <br><br> THE UNITED STATES OF AMERICA <br>    Plaintiff, | CASE NUMBER <br><br> 4:14-cr-236-01 <br><br> OBJECTION TO SUBJECT-MATTER JURISDICTION <br><br> SOUGHT RELIEF <br> SUBJECT-MATTER JURISDICTION |

COMES NOW, Terro Bell, pro se, hereby, challenges and objects to the court's subject-matter jurisdiction.

Jurisdiction of the subject-matter, is the power of a court to hear and determine cases of the general class to which the action question belongs. Jurisdiction of the cause, the power of the court to proceed to administor of Justice in a particular case considered from any angle affecting such power be itwant of service of process, the absence of the requisite amount in controversy in a more precise sense the power over the subject-matter given by the law of the Sovereignty in which the tribunal exist. Characterizing a Rule as jurisdiction render it unigue in adversarial system. Objection to a tribunal jurisdiction can be raised at any time or at any point in a proceeding. See Henderson v. Shinseke, 562 U.S. 131 S.Ct. 1197, 179 L.Ed. 2d 139 (2011), and also, see Arbaugh, 546 U.S. at 508, 126 S.Ct. 1235, 163 L.Ed. 2d 1097, it is well ingrained in the law that subject-matter jurisdiction can be called into question either by challenging the sufficiency of the allegation or by challenging the accuracy of the jurisdictional facts alleged. Jurisdiction in criminal cases is never presumed, but must always be shown, is never waived by a defendant and want of jurisdiction can be attacked at any stage of a criminal proceeding or even collaterally.

(1)

When the jurisdiction of a cause depends upon a statute, the repeal of the statute takes away the jurisdiction, and causes pending at the time fall, see re Nielson, 131 U.S. 176, 33 L.Ed 118, 9S.Ct. 672. If the court which renders a jugment has not jurisdiction to render it either because the proceeding on the law under which they are taken are unconstitutional on for any reason, judgment in void and may be questioned collaterally and a defendant who is impriosned under and by virtue of it may be discharged from custody, 33 L.Ed. 118. 131 U.S. 176, Ex parte Nielson (1881). The defendant contest the jurisdiction of the courts on two grounds: 1) that the Act of Congress has not grant it; 2) that under the Constitution Congress cannot give it. Jurisdiction in such cases was conferred by an Act of Congress was repealed the power to exercise such jurisdiction was withdrawn and in as much, as th repealing contain no savings clause. See Gate v. Osborne, 9 Wall 567-575, 19 L.Ed. 748, 751 (1870). Federal courts have an independent obligation to ensure they do not exceed the scope of their jurisdiction and therefore, they must raise and decide jurisdictional question that the parties either overlooked or elect not to press. Once having raised the jurisdictional question the defendant is free to defend on the merits. Harkness v. Hyde, 98 U.S. 467, 25 L.Ed. 237. When a prisoner is hald under a judgment of the court made without authority of law, the proper tribunal will issue a writ of habeas corpus to look into the record so far as is necessary to assertain that fact, and if it is found to be so, will discharge the prisoner. re Snow, 120 U.S. 274 (30:656); Exparte Laniz, 83 U.S. 18 Wall, 163, 178 (21: 872,879). The words of the United States Constitution are that no state shall paas a bill of attainder or ex post facto law, or laws impairing the obligation of contract. Art. 1 §9 cls. 1 and Art. 1 §10, cls. 3. The United States Constitution forbides the passage of any exposte facto law, a category that includes every law that changes punishments and inflicts a greater punishment that the law annexed to the crime when committed, See Peugh v. United States, 186 L.Ed. 2d 84 U.S. (2013).

The Expost Facto Clause was violated because the 1986 Guidelines called for a greater punishment than the 2010 Guidelines in effect when the defendant complete his crime. Bonds v. United States, 180 L.Ed. 2d 269 )2011) states opinion by Justice Ginsberg, 9-0, Like any other defendant has a personal right not to be convicted under a constitutionally invalid law. See Fallon as applied and facial challenge and third party standing, 113 Harv. L. Rev. 1321, 1331, 1333 (2000) Monahan overbreath 1981 Sup. Ct. Rev. 1, 3. Other defendants might assert that a law exceeds Congress' power, because it violates the Expost Facto Clause, Establishment Clause, or the Due Process. An offense created by an unconstitutional law, the court has held "is not a crime" exparte Siebold, 100 U.S. 371, 376, 25 L.Ed. 717 (1880). A conviction under [such a law] is not merely erroneous but illegal and void and cannot be a legal cause of imprisonment. If a law is invalid as applied to the criminal defendant conduct the defendant is entitled to go free. for this court reason. A court has no prudential license to decline to consider whether the statute under which the defendant has been charged lacked constitutional application to his conduct, and that is so even where the constitutional provision that would render the conviction void is directed at protecting a party not before the court, our decision concerning criminal law infected with discrimination are illustrative. The court must entertain the objection and reverse the conviction, even if the right to equal treatment resides in some one other that the defendant. See Eisentadt v. Baird, 104 U.S. 438 (1972) an example ok the former is exparte Siebold, in which the court consider it on its merits, the claim that the acts under which the indictment werr formal were unconstitutional, reasoning that an unconstitutional law is void and no law and therefore, if they are unconstitutional of the cause. The court has also assumed Congress is well aware of the background principles when it enacts a new criminal statute, e.g., Great Northern v. Co, supra, at 465 S.Ct. 313, 52 L.Ed. 567. When a ststute is adjudged unconstitutional it is if it had never been and rights cannot be built up under it.

(3)

An unconstitutional law confers no right, it imposes no duties, it affords no protection, and creates no office. An unconstitutional law must be treated as having no effect whatsoever from the very date of its enactment. Fay v. Noia, 9 L.Ed. 2d 837, 372 U.S. 291 (1963). The validity of the judgment is assailed on the grounds that the act of Congress under which the indictment were formed are unconstitutional, if theis position is well taken, it affect the foundation of the whole proceeding. No man in this country is so high that he is above the law, all the officers of the government from the hihest to the lowest are creatures of the law and are bound to obey it. United States v. Dorsey, 183 L.Ed. 2d 250, Justice Breyer's majority opinion: stated that the new law was adopted because the public had come to understand sentencing embodying the 100 to 1 ration as reflecting unjustified race based defference, Congress as J. Breyer opinion in Dorsey confirmed intended in the FSA to repeal and redress the wrong of the older crack sentencing statute that Congress believe had proven itself to be arbitrary, irrational and racially discriminating. We regard as the most important consideration the clear Congressional purpose to end the long racially discrimination sentences impose in crack cocaone cases over the past 25 years and the fact that the perpetuation of such sentence is unconstitutional. Due process is a guarantee that a man should be tried and convicted only in accordance with valid laws of the land. Here Congress enacted the new law is remedy racially discriminating effect the role of the judge is especially important here a host ask Precedent from (1880) forward forbid judicial perpetration of racial discrimination. The remedy is straight forward and relatively simple. The FSA and the new retroactive sentencing guideline should be interpreted to replace retroactively the old discriminatory mandatory minimum in light of our knowledge about racial discrimination inherent in the old law inertia and judicial instinct to avoid change and maintain the status quo should no longer protect the old sentence.

The principle that judges may not enforce obvious racial discrimination and indeed are duty bound within their power to ensure that it does not occur in time honor in American law. No one is bound to obey an unconstitutional law and no courts are bound to enforce it. 16 Am Jur 2d See 177, 178, 179. Court would allow that no unconstitutionallity to be given no effect, what a court does not in the nature of things, it can not give a remedy for an unconstitutional statute, since an unconstitutional statute is not in itself a cognizable wrong what a court does with regard to an unconstitutional las is simply to ignore it. Marbury v. Madison, 1 Cranch 177, 178, 2 L.Ed. 60 (1803), because a law repugnant to the constitution is void and is no law. The act was therefore, as inoperative as if it had never passed. For an unconstitutional act is not a law and can neither confer a right or immunity nor operate to supersede any existing valid law. Norton v. Shelby County, 30 L.Ed. 178, 118 U.S. 425 (1886).

In 2010, Congress enacted a new statute reducing the crack to powder cocaine disparity from 100 to 1, to 18 to 1. The anti drug abuse Act of 1986. The 5 and 10 year mandatory minimum prison term for federal drug crimes reflect a 100 to 1 disparity between the amount of crack and powder cocaine. The FSA which took effect August 03, 2010, reduced the disparity to 18 to 1. applicable to many crack offenders by measuring the amount of crack needed to trigger the 5 year minimum from 5 to 28 grams. Exparte Lange, U.S. 18 Wall 163, 21 L.Ed. 872 (1879). The old repealed discriminatory minimums are no longer apart of the operation of the sentencing system they should not be used to foreclose lowering the defendant's applicable guideline range. A defendant cannot be sentenced under the terms of the repealing act. All action was terminated with the repeal of the statute under which the existed the evil effect of this rule both with the criminal and civil actions pending at the time of amendment has been. An indictment found by a grand jury organized under an unconstitutional law should be squashed and a judgment of conviction founded thereon reversed.

Franklin v. South Carolina, 54 L.Ed 980, 718 U.S. 161. 50 L.Ed. 891, 701 U.S. 638, Boulizs v. Georgia. The rule that unless the record of a general verdict on a single count indictment or information negates the possibility that the conviction was based on both a constitutional and an unconstitutional ground the judgment cannot be affirmed unless both alleged violation were valid. Zant v. Stephens, 77 L.Ed. 2d 235, 462 U.S. 863 (1983). The defendant completed his crime Sentence commission data indicated that when a guideline-thing move up or down, sentence move with it a retrospective increase created a sufficient rise of a higher sentence to constitute as ex post facto violation when defendant commit. Failure to calculate the correct guideline range constitute a procedural error.

Characterizing a Rule as jurisdiction renders it unique in our adversarial system. Objection to a tribunal jurisdiction can be raised at any time or at any point in a proceeding. See Henderson v. Shinseki, 562 U.S. 131 S.Ct. 1197, 179 L.Ed. 2d 139 (2011), Arbaugh, 546 U.S. at 508, 126 S.Ct. 1235, 163 L.ed. 2d 1097, ignoring the unconstitutional law which (the courts are bound to do) 131 L.Ed. 2d 820, 514 U.S. 749, Hyo.

There is no excuse for judges to engage in perpetrating such discrimination or to sanction it, by refusing to correct it. Perpetuation of such racially discriminating sentence by federal courts is unconstitutional. The defendant is up under an illegal sentence pronounced on him and that he is restrained of his liberty in violation of the United States Constitution, defendant having shown that original sentence was illegal, United States v. Rogers, 23 Fed 662. rell 135 U.S. 270, 34 L.Ed. 110, 10 S.Ct. Rep. 762.

" First, courts must give retroactive effect to new substantantive rules of constitutuional law. Substantive rules include rules forbidding criminal punishment of certain primary conduct, as well as rules prohibiting a certain catagory of punishment for a class of defendants because of their status or offense." Montgomery v Louisiana, 136 S.Ct 718 (2016). " The Constitution requires substantive rules to have

retroactive effect regardless of when a conviction became final." Ibid. slip op 3.

"Substantive rules set forth catagorical constitutional guarantees that place certain criminal laws and punishments altogether beyond a state's power to impose. It follows that when a state enforces a proscription of penalty barred by the Constitution, the resulting conviction or sentence is, by definition, unlawful." Ibid at slip op 4. " But if the laws are unconstitutional and void, the circuit court acquired no jurisdiction of causes. The same logic governs a challenge to a punishment that the Constitution deprives states of authority to impose. A conviction or sentence imposed in violation of a substantive rule is not just erronous but contrary to law and, as a result void." Ibid slip op 5.

" An unconstitutional law is void, and is no law. A penalty imposed pursuant to an unconstitutional law is no less void because the prisoners sentence became final before the law was held unconstitutional. There is no grandfather clause that permits states to enforce punishments that the Constitution forbids. To conclude otherwise would undercut the Constitution's substantive guarantees. No circumstances call more for the invocation of a rule of complete retroactivity than when the conduct being penalized is constitutionally immune from punishment. The same principle should govern application of substantive rules on collateral review. Where a state lacks power to proscribe a habeas petitioner's conduct, it cannot constitutionally insist that he remain in jail." Ibid. slip op 5.

"There are instances in which a substantive change in law must be attended by a procedure that enables a prisoner to show that he falls within the category of persons whom the law may no longer punish. Some rules may have both procedural and substantive ramifications. For example, when an element of criminal offense is deemed unconstitutional, a prisoner convicted under that offense receives a new trial where the government must prove the prisoners conduct still fits within the modified definition of a crime. See Montgomery, 136 S.Ct. 718; Slip op 3, 4, 5, & 7.

Relying in part on an earlier discussion from the Supreme Court of the United States, Justice Kennedy provided the following standard in determining that a defendant has a right to a new trial based on the substantive rule.

## CONCLUSION

On the above, it clearly shows that the petitioner is under a law that is not a law.

Dated this 10th day of March,

Respectfully submitted by:

*Terro L. Bell*